Rafael **GODINEZ**, Plaintiff—Appellant,

v.

James **GOMEZ**; et al., Defendants—Appellees.

No. 04–15899.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed April 30, 2008.

Rafael Godinez, Delano, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Constance Picciano, Esq., Office of The California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

## MEMORANDUM **

California state prisoner Rafael Godinez appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations from being held in administrative segregation prior to transfer to another institution. We have jurisdiction under 28 U.S.C. § 1291. We review dismissal under 28 U.S.C. § 1915A de novo, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000), and we affirm.

The district court properly dismissed Godinez's due process claim because placement in administrative segregation pursuant to an official policy regarding safety of inmates is not an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir.2003) (administrative segregation in and of itself does not implicate a protected liberty interest under *Sandin v. Conner*, 515 U.S. 472, 485–86, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)).

The district court properly dismissed Godinez's Eighth Amendment claim because Godinez neither asserted that his time in administrative segregation was, by itself, a sufficiently serious deprivation nor that any prison official acted with a sufficiently culpable state of mind. *See Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir.2005) (outlining elements of an Eighth Amendment violation).

The district court properly dismissed Godinez's Fourth Amendment claim because Godinez failed to allege any facts indicating that the urinalysis drug test was unreasonable. *See Thompson v. Souza*, 111 F.3d 694, 702–03 (9th Cir.1997) (outlining factors to determine if non-random drug testing through urinalysis constitutes a reasonable search).

The district court properly dismissed Godinez's right of access to the courts claim because Godinez failed to allege any actual injury. *See Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir.1989) ("An actual injury consists of some specific instance in which an inmate was actually denied access to the courts.") (internal quotations omitted).

The district court did not err when it dismissed his second and third causes of action with leave to file them in the appropriate venues, and cautioned Godinez to bring his claims in the judicial districts in which the events occurred. *See* 28 U.S.C. § 1406(a) (requiring district court to dismiss or transfer case filed in wrong district to any district or division in which it could have been brought); 28 U.S.C. § 1391 (civil action should be brought in judicial district in which a substantial part of the events giving rise to the claim occurred).

**AFFIRMED.**

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.